## FREEMAN *a.* FRANK.

*Supreme Court, Sixth District; Special Term, February,* 1860.

CIVIL DEATH.—ABATEMENT.—DEMURRER TO ANSWER.

Though civil death abates an action for personal tort, an answer setting up that defendant is civilly dead, is inconsistent; for the fact that defendant has put in the answer proves that he is alive; the answer, therefore, is bad on demurrer.[*]

When the allegations of an answer are contradictory, a demurrer only admits those allegations which the law adjudges to be true. A demurrer to an answer that defendant is civilly dead, does not admit the death; for civil death is a fiction which is contradicted by the very fact that defendant has answered.

Demurrer to second defence in the answer.

The complaint stated that on the 7th day of September, 1859, at Lenox, in the county of Madison, the defendant assaulted, and beat, and wrongfully and falsely imprisoned the plaintiff, and feloniously ravished her. Judgment was demanded for ten thousand dollars damages, besides costs.

The second defence in the answer was as follows: "And for a further answer to said complaint, defendant, by his said attorneys, shows, that at the Court of Oyer and Terminer, held in and for the county of Madison, in the month of September, 1859, and after the summons in this action was served on defendant, said defendant was duly indicted by the grand jury of said county, then and there in session, for the crime of rape; that he was duly arraigned on said indictment before said court, and pleaded not guilty; that he was duly tried at said court on said indictment by a jury, and duly convicted by said jury, of the crime charged in said indictment; that on said conviction he was duly sentenced by said court to confinement and hard labor in the state-prison at Auburn for and during his natural life;

---

[*] As to what imprisonment abates an action, see 2 *Rev. Stat.*, 701, § 19; Graham *a.* Adams, 2 *Johns. Cas.*, 408; O Brien *a.* Hagan, 1 *Duer,* 664.

that the record of said conviction was duly made out; and defendant prays leave to refer to and put the same in evidence in the trial of this action; and said defendant was duly taken to said State-prison by the sheriff of said county; that the defendant has since then been and still is confined in state-prison by virtue of said sentence and conviction. Wherefore, said defendant, by his attorneys aforesaid, avers that he is civilly dead, and that this action has abated, and the aforesaid facts will be proved on the trial of this cause as a bar to this action."

The demurrer was as follows: "The plaintiff demurs to the defendant's second answer or defence in this action for the insufficiency thereof: because said second answer or defence, upon its face, does not constitute a defence to the action; also because said second answer or defence is immaterial, and the whole is entirely unavailing."

*B. F. Chapman*, for the plaintiff.

*Goodwin & Mitchell*, for the defendant.

BALCOM, J.—The only authority for demurring to answers is contained in section 153 of the Code, and that is in these words: "The plaintiff may, in all cases, demur to an answer containing new matter, where, upon its face, it does not constitute a counter-claim or defence; and the plaintiff may demur to one or more of such defences or counter-claims, and reply to the residue of the counter-claims."

The Revised Statutes contain this section: "A person sentenced to imprisonment in a state-prison for life, shall thereafter be deemed civilly dead." (2 *Rev. Stat.*, 701, § 20.) If the defendant was sentenced to the state-prison at Auburn for life, as alleged in the answer, there can be no doubt but that such sentence abated the action. For causes of action for assault and battery and false imprisonment do not survive, they die with the person. (*Gr. Pr.*, 2d ed., 93.)

When the cause of action does not survive, no step can be taken in the action after the plaintiff or defendant dies. If the living party thereafter proceeds in it, the executor or administrator of the deceased party can have the proceedings set aside on motion.

The rights and liabilities of a person civilly dead are as en-

tirely gone as though he were actually dead; and his estate may be administered upon in like manner as if his body were a corpse. A deceased person, whether he died a civil or natural death, cannot have an attorney. His executor or administrator represents him, and no other person can act or speak for him.

Does the new matter in the answer, demurred to, upon its face, constitute a defence to the action? The fact that the defendant has answered, though by attorney, shows he is neither civilly nor physically dead. It is conclusive that he is living, and not under any disability that prevents him defending the action. The defendant, by answering, proves he is alive; and when he avers in his answer that he is dead, he is not to be believed. The answer, therefore, contains two contradictory averments, one of which in judgment of law is a fiction. If the defendant was dead, he could not answer. Hence the averment that he is civilly dead must be deemed untrue. The demurrer only admits the allegations in the answer, *when contradictory*, which the law adjudges to be true. For this reason the demurrer does not admit that the defendant is civilly dead. It only admits he is living. The new matter in the answer, therefore, upon its face, does not constitute a defence to the action. The demurrer should be sustained; and the plaintiff is entitled to judgment thereon, with costs. But the defendant may answer over within twenty days, on payment of costs.

---

# UNION BANK *a.* MOTT.

*Supreme Court, First District ; At Chambers, March,* 1860.

*Again, Special Term, May,* 1860.

AMENDMENT.—POWER OF REFEREE AT THE TRIAL.

The power of a referee to allow amendments is restricted to amendments to cure immaterial variances.

A referee cannot allow a cause of action to be inserted in the complaint by way of amendment.